Hardin, P. J.
We think the complaint contained facto relevant to and sufficient to make out a cause of action against the defendant, according to our decision in Eveleigh v. The Town of Hounsfield (34 Hun, 140).
We think the plaintiff _ gave evidence sufficient to warrant and require the trial court to submit to the jury whether the defendant was liable. That is, whether prior to the statute of 1881, the commissioners of highways would have been liable to action.
Enough appeared in the evidence to,warrant submitting the question to the jury as to whether the plaintiff or his *356 servant was at the time of the injury free from contributory negligence. That question was properly stated in the charge, and the jury was warranted by the evidence in finding that plaintiff’s negligence did not, and that the negligence of his servant did not cause or contribute to the injuries sustained by plaintiff’s horse. *
The complaint properly alleged that the defendant’s commissioner of highways “had and held in hands certain moneys, to wit, the sum of fifty dollars and upwards, which were applicable to and were put into his hands for the repairs of highways of said town.” Eveleigh v. The Town of Hounsfield (supra).
Upon the subject of funds, the evidence was somewhat conflicting, but sufficient to sustain the verdict in that regard. On the 9th day of February, 1886, the commissioner had accounted and reputed in his hands, and was charged in the books of the town with a balance of twenty-six dollars. He testified that he had less, but it was for the jury to find upon that question as one of fact. We cannot say their verdict does not accord with the weight of evidence.- They may not have believed the evidence of the commissioner of highways. It was within their province to believe or disbelieve him. Whether there was such negligence as would have, prior to chapter 700, Laws of 1881, made the commissioner liable, was carefully submitted to the jury, and a careful perusal of the evidence has not led us to differ with the jury, much less are we able to say that their verdict does not accord with the evidence relating to that question.
We now come to a ruling excluding the evidence offered to show the condition of the horse at the time of the trial. The accident was on February 10, 1886, and the trial was in December, 1886. A question was asked, viz: “What is the condition of the horse at the present time, as to his being able to work?” Also, viz: “What in your opinion is the value of this horse at the present time ?” The objection was, that it “was too remote on question of damages.” Defendant took exception to the rulings.
■ The plaintiff had given evidence that the horse was of no value after the injuries. We think it was pertinent and' competent to overthrow the plaintiff’s evidence as to the extent of his damage by showing the condition and ability of the horse as to work and his value in December when the trial was taking place.
If the jury had had the evidence offered, their verdict might have been for a lesser sum. We cannot, therefore,say the erroneous ruling worked no harm to the defendant.-’
The case of Sunderlin v. Wyman, in 1 T. & C. Addenda, 17, was for trovor of a horse and his value six or eight *357 months prior to the conversion, was held too remote." We think that case does not aid respondent here. We have looked into the charge and the refusals and exceptions taken in connection therewith, but do not discover any errors. For the error pointed out already, however, there must be a new trial.
Judgment and order reversed and a new trial ordered in Lewis county court, with costs to abide the event.
Follett and Martin, JJ., concur.